CAMDEN TRUST COMPANY, trustee for bondholders, complainant-appellant,

*v.*

MORRIS HANDLE et ux., et al., defendants-respondents.

[Submitted May term, 1939. Decided September 22d, 1939.]

*Messrs. Waddington & Mathews,* for the complainant-appellant.

*Messrs. Starr, Summerill & Lloyd,* for the defendants-respondents.

PER CURIAM.

This is an appeal from an interlocutory order, denying a motion to strike an answer made by the chancellor on the advice of Vice-Chancellor Davis.

The suit was brought to foreclose a real and chattel mortgage for $125,000 on a theatre property in Camden, New Jersey, and goods and chattels contained therein. There was a second count for waste.

The defendant Warner Bros. Theatres, Inc., filed an answer to the complaint alleging that in so far as said mortgage per-

tained to chattels, it was absolutely void and of no effect as against said Warner Bros. Theatres, Inc., for the reasons that said mortgage did not properly describe and set forth the goods and chattels intended to be mortgaged; that it did not have annexed thereto a proper affidavit, or affirmation, nor an affidavit or affirmation made and subscribed by the duly authorized agent of the complainant; that the affidavit annexed to said mortgage did not properly state the consideration therefor, nor the amount due or to become due thereon; that the consideration for said mortgage had not been delivered or paid on or before the date of the execution of said mortgage and the affidavit annexed thereto; and that the said mortgage was not executed, acknowledged and/or recorded as a chattel mortgage in accordance with the statute in such case made and provided. The answer denied the charge of waste as alleged in the second count of the bill of complaint.

The defendant Warner Bros. Theatres, Inc., admitted that its interest in said mortgaged premises was subject to the lien of complainant's mortgage as a real estate mortgage but not as a chattel mortgage. The complainant moved to strike the answer to the first count of the complaint on the ground that it was in part frivolous, in part sham, contained only conclusions; that the said defendant Warner Bros. Theatres, Inc., was not a *bona fide* purchaser under the statute which authorizes the attacking of a chattel mortgage; that it waived any right to attack the validity of said chattel mortgage or any defects that might exist therein by paying upon the said mortgage interest from 1930 to 1938, and the sum of $30,000 on principal, and that it was inequitable for the said defendant to attack the validity of the said mortgage of the complainant because said defendant purchased the property subject to the said mortgage, and the amount thereof was deducted from the purchase price.

The learned vice-chancellor, in denying the motion to strike the answer, said:

"The answer, and the grounds of the motion opposing it, present a number of difficult questions which cannot be safely disposed of in advance of a final hearing. Questions relating to the sufficiency of the affidavit of consideration, the authority

of the affiant, and what chattels are intended to be covered, can only be resolved in the instant case after the examination and cross-examination of witnesses."

Complainant has apparently taken its appeal under a misapprehension as to the purport of the vice-chancellor's conclusions and the meaning of the order entered thereon.

In their reply brief (page 2) counsel for complainant-appellant concede that under rule 69 and under the Chancery act of 1915 (*P. L. 1915 ch. 116 p. 195*), it is in the discretion of the court to order the motion to strike to *stand over* until the final hearing, but counsel complain that the vice-chancellor has not done this but that his opinion (quoted *supra*) limits the question to three attacks upon the chattel mortgage, and that the order denying the motion to strike the answer "limits questions involved to ones for the examination and cross-examination of witnesses."

We do not so construe either the opinion or the order. We agree with counsel for the respondents that it is quite apparent from the language used by the vice-chancellor that the motivating force behind his refusal to permit this case to be finally determined on a motion to strike, was that the matter should be "held over" until final hearing when testimony could be taken.

There are no limitations in the order as to the testimony that may be taken or as to the subject-matter of the examination or cross-examination of witnesses. The ruling against the complaint is not a final ruling on the merits of the case. If, after final hearing, the decree goes against the complainant, it will still have its appeal. The litigation involves mixed questions of law and fact.

"In *Habermann* v. *Kaufer, 60 N. J. Eq. 271*, Vice-Chancellor Grey undertook to formulate a practical definition by stating that to succeed in a motion to strike out matter from an answer it must be shown that 'the matter criticised is so unrelated to the complainant's claim as to be unworthy of any consideration as a defense,' and that if the part of the answer objected to 'be found to be so connected with the subject-matter of the complainant's suit that it may fairly be deemed to present some question of either law or fact which the court

ought to hear and determine, then it cannot be stricken out as impertinent, but must be considered, and its sufficiency must be passed upon as a defense either of fact or of law to the action.'" *Commonwealth Title Insurance and Trust Co.* v. *New Jersey Lime Co., 86 N. J. Eq. 450* (at *p. 457*).

We are of the opinion that the court of chancery has the right, in the proper exercise of its discretion, to defer motions of the type under consideration to the final hearing and after testimony taken. This is substantially what the court did in this case.

The order appealed from is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 13.

*For reversal*—None.